Green, J.
delivered tbe opinion of tbe court.
This suit was commenced by the defendant in errorj against the plaintiff in error, by attachment under the act of 1843, ch. 29.
The affidavit of the agent of the plaintiff, states the indebtedness of the defendant and that “be is concealing his property and effects.” The, plaintiff in error insists, that this statement is not sufficient to authorize an attachment to issue; that the words, in the first section of the act of 1843, ch. 29, “absconding or concealing himself or his property and effects,” constitute altogether, but one cause for an attachment; that the sentence should be read, as if the copulative conjunction had been used to connect the words; and therefore the mere fact, that a man is “concealing his property and effects,” is no cause for an attachment.
We do not concur in this construction of the statute. And by referring to the previous language of this section of the act, it will appear manifest that the counsel is in error. The words are as follows: “That in all cases where a debtor, or a defendant in any suit or judgment, *435 is removing or about to remove himself or his property beyond the limits of this State, or shall be absconding or concealing himself or property or effects, it shall be lawful for the creditor, or other person entitled to sue,, to obtain an attachment,” &c.
Now, when it is remembered, that the right to imprison the debtor, had been abolished by the act of 1842, ch. 3, only one year before the passage of the attachment law under consideration, the object of the legislature in changing the attachment law, will plainly appear.
Whilst the law permitted a party, who had obtained a judgment, to take the body of the judgment debtor in execution, he was permitted to dispose of his property, and -to remove it at pleasure; because it was supposed, that if a debtor could command the means to pay off a judgment, he would choose to apply those means, rather than render his body to prison, in execution of it. But when the law authorizing imprisonment for debt was repealed, the debtor would be under a temptation to remove, or conceal his property, to prevent the payment of his debt; himself remaining within the jurisdiction of the court, exempt from arrest, and putting his creditor at defiance. To prevent such a state of things, the legislature enacted the attachment law of 1843. The whole tenor of that act shows, that the object was, to give the creditor the means of getting security for "his debt. And this object dictated the provisions of the first section above quoted. Hence the provision, that if the debtor “is removing, or about to remove himself, or property,” the attachment may issue. The object was to -keep the property within the jurisdiction, for the satisfaction of his debts; and therefore, although he might *436 not be about to remove himself, yet if he was about to remove his property, the law provides that it may be seized by attachment, and held in the custody of the law, for satisfaction of the creditor’s demands. Immediately after these words, come those, the construction of which is demanded in this case, to wit, “or shall be absconding or concealing himself or his property or effects.”
From what has been said it will be seen, that it was much more important to prevent the removal, or concealment of a debtor’s property, than to secure his person within the jurisdiction. It might often happen, that his property might fefe removed, or concealed, when the party himself might remain within the jurisdiction, exhibiting himself to his creditor, and defying his process. If therefore, the attachment had been given only in cases where the party was concealing both himself and his property, the remedy intended to be provided, would have been wholly inadequate. But such is not the sense of the clause of the act under review; nor is it a just construction of the meaning and intention of the legislature. It was the intention to give the attachment, if the debtor were about to remove his property out of the State; or if he were concealing his property or effects. In either case, the object was to enable the creditor to get security for his debt, by seizing the property of the party, who thus should evince a disposition to evade the payment of it.
2. It appears by the record, that the attachment in this case issued the 11th February, 1850, and the circuit court of Lauderdale county, to which it was returnable, commenced the 18th February. It does not appear from the sheriff’s return, on what day the attachment was levied on the property of the defendant; and it is *437 insisted, that to have authorized a judgment at the February term of the court, the return of the sheriff should show, that the process was served at least five days before the term of the court to which it was returnable. We are of opinion, that as the process issued more than five days before the court, the presumption is, that it was served in due time. If such were not the fact, the defendant should have pleaded that matter in abatement.
The bill of exceptions shows, that the defendant appeared in court by his counsel, and offered to plead to the action, but the court refused to permit him to appear and defend the suit, because he had not replevied the property. And the next question is, whether a defendant in a case commenced by attachment under the act of 1843, should be required to replevy the property before he can be permitted to plead?
Under the attachment law of 1794, a defendant was required to replevy the property, by giving special bail, before he was permitted to plead. The special bail held the person of the defendant liable to be taken in execution of the judgment; and if a party had concealed himself, so that process could not be served on his person, and an attachment had been levied on his property, it was reasonable that he should be required to place his person under the same responsibilities, as if process had been served upon him, before he should be permitted to enter his appearance, and defend the action; and here he was required to enter into special bail before he could plead.
The repeal of the law allowing imprisonment for debt, we have seen, induced an entire change in the attachment law. By the law of 1794, no attachment *438 could issue, if personal service could be bad. One object of the attachment, was to enforce the appearance of the party. And when he did appear, he was required to give bail, as though a capias had been served on him. Since the capias has been abolished, a change has been made in the attachment law, in all these respects.
By the act of 1843, the attachment may issue, although personal service might be had. The sole object of the attachment now is, to secure the property, so as to have it forthcoming to satisfy the judgment. And the law which authorized the replevy of the property by giving bail, is repealed. Now if the debtor shall wish to replevy the property, he may do so, by giving a bond in double the amount of the debt, or for the forthcoming of the property attached; and he may discharge his bond by paying the judgment, or by paying the value of the property. It is manifest, from this statement, that no beneficial object can be attained, by requiring a defendant in attachment, under the act of 1843, to r.eplevy his property before he shall plead to the action. All the reason that existed under the act of 1794, has ceased. If the defendant replevy, he may only give bond for the forthcoming of the property attached. How does the execution of such a bond affect the rights of the plaintiff? Not at all; for it only places the property in the hands of the defendant during the litigation, to be handed ■ 'back to the Sheriff, when the judgment shall be rendered. If the sheriff is permitted to retain it in 'his rhppds,- the plaintiff’s interest will be equally secure.
In view of these considerations, we think the defend-4ht had a right to plead to the action in this case, without being compelled first to replevy the property *439 attached; and therefore the circuit court erred in refusing to receive his plea.
Reverse the judgment and remand the cause.